IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

LAWRENCE E. SHERMAN, JR., L.C.

    Plaintiff,

v.    Civil Action No. 3:03MC25

JO ANNE B. BARNHART,
Commissioner of Social Security

    Defendant.

## REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED

### I. Background

**A.**    <u>Background</u>. Plaintiff, Lawrence E. Sherman, Jr., L.C. (Sherman) filed this Petition for Writ of Mandamus against Defendant Jo Anne B. Barnhart (Commissioner) on August 19, 2003 in the United States District Court for the Northern District of West Virginia. The action stems from his representation of Deborah Shaffer (Claimant) in a social security disability insurance benefits (DIB) case. On October 29, 1999, Mr. Sherman and the Claimant entered into a fee agreement, related to her most recent application for DIB, providing for payment to Mr. Sherman of the lesser of twenty-five (25) percent of any possible award of past due benefits, or four thousand dollars ($4,000.00) pursuant to 42 USC § 406(a)(2)(A)(ii). The Claimant also entered into an identical fee agreement with George B. Levasseur, Jr., her attorney in her initial DIB application. Mr Levasseur and Mr Sherman are not members of the same law firm. Both of the Claimant's applications were combined for the purposes of administrative review.

On December 2, 2002, Mr. Sherman wrote a letter to Mr. Levasseur indicating that in the

event the Administrative Law Judge (ALJ) grants both of the Claimant's applications for DIB, he suggests they split the fee with each lawyer acquiring one half of the attorney fees allocated to the Claimant.

On January 6, 2003, Judge C.J. Sturek, the ALJ presiding over the DIB applications, issued a Notice of Decision advising the Claimant of her entitlement to DIB benefits for both applications. Included with the Notice of Decision was an Order indicating that neither Mr. Sherman's nor Mr. Levasseur's fee agreements would be approved. The ALJ explained:

> The Claimant filed two claims for disability insurance benefits and employed a different representative for each claim. Those representatives are not members of a single firm, partnership, or legal corporation, and neither representative has waived charging and collecting a fee, although they have agreed to split evenly any fee collectible.

The ALJ went on to state that the Claimant's representatives "must each file a fee petition if each representative wants to charge and collect a fee" due to the fact that the fee agreements would not be approved. In addition, the Order explained the procedures to follow if the representatives disagreed with his determination. The Claimant or representative could request an administrative review of the determination by writing the Office of the Regional Chief Administrative Law Judge within fifteen (15) days from the date of receiving the order. The letter must include the reasons for disagreeing with the ALJ's determination. The Order ended by stating, "If we do not hear from you or your representatives, we will assume that you both agree with the determination made on the fee agreements."

On January 15, 2003, Mr. Levasseur wrote a letter to Judge Sturek stating that he is withdrawing his fee agreement relating to the Claimant's application. To date, neither Mr. Sherman

2

nor Mr. Levasseur filed an appeal with the Office of the Regional Chief Administrative Law Judge. Rather Mr. Sherman decided to file this Petition for Writ of Mandamus against the Commissioner alleging that she has failed to carry out her statutorily mandated duty of remitting and forwarding to him the appropriate attorney fees.

On October 2, 2003, the Commissioner filed a Motion to Dismiss Plaintiff's Petition for Writ of Mandamus. On October 8, 2003, Mr. Sherman requested additional time to respond to the Commissioner's motion. This Court granted Mr. Sherman's request and permitted him to file his response on or before November 7, 2003. On November 4, 2003 Mr. Sherman filed a response to Commissioner's motion to dismiss.

  B. <u>The Petition and the Motion</u>

    Plaintiff's Petition for Writ of Mandamus.[1]

    Defendant's Motion to Dismiss Plaintiff's Petition for Writ of Mandamus.[2]

  C. <u>Recommendation.</u>

    I recommend that the Defendant's Motion to Dismiss be GRANTED because this Court does not have subject matter jurisdiction to review Mr. Sherman's request for attorney fees and Mr. Sherman has failed to exhaust his administrative remedies.

## II. Motion to Dismiss

  1. <u>Contentions of the Parties</u>. Mr. Sherman contends in his Petition for Writ of Mandamus that the Commissioner has failed to carry out her statutorily mandated duty of remitting and forwarding to him the appropriate attorney fees. In addition, Mr. Sherman argues that the

---

[1] Doc. No. 1.

[2] Doc. No. 2.

3

Commissioner's failure to pay has deprived him of any other adequate remedy in law or equity, making a writ of mandamus the proper means of resolving the conflict.

The Commissioner contends in her Motion to Dismiss that this Court does not have subject matter jurisdiction to hear Mr. Sherman's writ of mandamus. Specifically, the Commissioner argues that the law requires him to exhaust his administrative remedies prior to filing a writ of mandamus. In addition, the Commissioner maintains that the Social Security Act does not provide for judicial review of attorney fees.

B.  The Standards.

1.  Writ of Mandamus - Scope. 28 U.S.C. § 1361 states that "the district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

2.  Writ of Mandamus - Scope. A writ of mandamus is an extraordinary remedy, and is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616-17 (1984) (citations omitted). "Jurisdiction to entertain a petition for its issuance cannot exist unless the plaintiff colorably demonstrates either that he has exhausted all other avenues of relief, or that further exhaustion should be excused." Slone v. Secretary of Health and Human Serv., 825 F.2d 1081, 1083 (6th Cir. 1987).

C.  Discussion

This Court does not have subject matter jurisdiction to review Mr. Sherman's request for attorney fees. Title XVI of the Social Security Act's (Act) regulations have separated administrative actions into two different categories: initial determinations and non-initial determinations. See 20

4

CFR §404.902 and 404.903. The regulations explain that initial determinations are subject to administrative and judicial review, and that while non-initial determinations may be reviewed, they are not subject to administrative or judicial review. See id. 20 CFR §404.903 states that "determining the fee that may be charged or received by a person who has represented [a claimant] in connection with a proceeding before [the Commissioner]" is considered to be a non-initial determination. Therefore, neither administrative or judicial review exists in this case.

It has been well established that this Court lacks jurisdiction to review the reasonableness of the Commissioner in awarding attorney fees, unless the Commissioner. exceeded her own legal authority, acted unconstitutionally or failed to follow her own regulations. Thomason v. Schweiker, 692 F.2d 333, 335 (4th Cir. 1982). This Court finds that none of the exceptional circumstances justifying judicial review exist in this case. The ALJ correctly followed the provisions of the Act and regulations when he disapproved the fee agreements between the Claimant and her attorneys. 20 CFR §404.1725 provides that when evaluating an attorney's request for approval of a fee, the Commissioner must examine "the level of review to which the claim was taken and the level of the review at which the representative became your representative." In this case, the ALJ found that since neither Mr. Sherman nor Mr. Levasseur waived collecting a fee, it was improper to grant the two fee agreements due to the fact that he is not aware of the amount of time each spent on the Claimant's applications. Accordingly, he required each layer to file a fee petition or appeal to the Office of the Regional Chief Administrative Law Judge.

As noted *supra*, on January 13, 2003, Mr. Levasseur wrote a letter to ALJ Sturek informing him that he was withdrawing his fee agreement. This letter was not received until after the ALJ issued his order denying both fee agreements. Although it can be argued that Mr. Levasseur

followed the ALJ's Order by withdrawing his fee agreement, this argument fails procedurally. The Order expressly stated that any appeal should be filed with the Office of the Regional Chief Administrative Law Judge and not with ALJ Sturek. Therefore, Mr. Levasseur's letter does not comply with the conditions set out in the Order.

Even if this Court has the jurisdiction to review Mr. Sherman's request for attorney fees, he has failed to exhaust his administrative remedies prior to filing this writ of mandamus. 28 U.S.C. § 1361 states that "the district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus is an extraordinary remedy, and is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616-17 (1984) (citations omitted). "Jurisdiction to entertain a petition for its issuance cannot exist unless the plaintiff colorably demonstrates either that he has exhausted all other avenues of relief, or that further exhaustion should be excused." Slone v. Secretary of Health and Human Serv., 825 F.2d 1081, 1083 (6th Cir. 1987). Therefore, this Court must consider whether Mr. Sherman has exhausted his administrative remedies under the Act.

Judicial review of social security claims is governed by 42 U.S.C. §§ 405(g) and 405(h). Under 405(g):

> any individual after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial

6

district, in the United States District Court for the District of Columbia.

Section 405(h) states:

> The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or government agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

The first two sentences of section 405(h) assure that the "administrative exhaustion will be required. Specifically, they prevent review of decisions of the Secretary save as provided in the [Social Security] Act, which provision is made in §405(g)." Weinberger v. Salfi, 422 U.S. 749, 757 (1975).

Section 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary after a hearing; (2) commencement of a civil action with sixty days after the mailing of notice of such decision, or within such additional time as the Secretary may permit; (3) filing of the action in the appropriate district court. Id. at 763-64.

In the instant case, this Court is concerned with the first condition. The Supreme Court has held that the decision must be final in that the claimant has exhausted the administrative remedies outlined by the Secretary. Bowen v. City of New York, 476 U.S. 467, 482-83 (1986). The term "final decision" is not defined by the Act. Pursuant to 42 U.S.C. §405(a)[3], the Secretary is authorized to define "final decision" in any fashion necessary to carry out the provision of the Act.

---

[3] 42 U.S.C. §405(a) provides:
The Secretary shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder.

7

The Act and regulations provide an "unusually protective" four step process to facilitate the review of disputed claims. Heckler v. Day, 467 U.S. 104, 106 (1984). A claimant is first entitled to an initial determination of disability. 42 U.S.C. §421(a); 20 CFR §404.1503. Second, a claimant may request a *de novo* reconsideration of that determination. 20 CFR §§ 404.907-404.921. If dissatisfied, the claimant is then entitled to a evidentiary hearing. 42 U.S.C. §405(b); 20 CFR §§ 404.929- 404.961. At the fourth step, the claimant may take an appeal to the Appeals Council. 20 CFR §§ 404.967-404.983. The claimant may then seek judicial review in federal district court. Thus, for purpose of the finality requirement of §405(g), a claim becomes final after the Appeals Council renders its decision. Willis v. Sullivan, 931 F.2d 390, 397 (6th Cir. 1991).

The Act's four step review process for disputed claims can be applied to a review of attorney fees. In this case, the ALJ made an initial determination that Mr. Sherman was not entitled to attorney fees due to the fact the Claimant filed two claims for DIB and employed attorneys from different firms for each application. The ALJ's order explained that if Mr. Sherman disagreed with this determination, he may appeal to the Office of the Regional Chief Administrative Law Judge. Therefore, following the review process, Mr. Sherman should have directed his appeal to the Regional Chief and not to this Court.

In his Response to Commissioner's Motion to Dismiss, Mr. Sherman argues that an appeal would be fruitless due to the fact that the appeal would be limited to the issue of whether attorney fees were granted and the amount of the fee. Unfortunately for Mr. Sherman, this argument is without merit. The Order does not state that an appeal is limited to certain issues. The Order simply states that if one disagrees with the determination, these are the steps to follow. Furthermore, Mr. Sherman is incorrect in stating that ALJ Sturek could approve both fee agreements. As discussed

*supra*, the ALJ followed the regulations and correctly disapproved the fee agreements.

A decision is not considered "final" under §405(g) until the claimant or attorney exhausts his administrative remedies. Mr. Sherman failed to complete the steps for administrative review. This Court will not engage in judicial review of the ALJ's order until it is presented with a final determination by the Commissioner.

## IV. Decision

I recommend that:

(1) Commissioner's Motion to Dismiss Mr. Sherman's Petition for Writ of Mandamus be GRANTED.

(2) Mr. Sherman's Petition for Writ of Mandamus be DISMISSED.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear pro se and any counsel of record, as applicable.

DATED: November 12, 2003

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE